FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JAN 29 AM 9: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

KAREN D. TRONCALLI, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO. CV 98-B-1319-S
)
DIGIORNO FOODS, INC., a division )
of KRAFT FOODS, INC., )
)
    Defendant. )

ENTERED
JAN 29 1999

## MEMORANDUM OPINION

### I. INTRODUCTION

This case is before the court on defendant DiGiorno Foods Company's Motion to Dismiss. Upon consideration of the Motion, the memoranda submitted by the parties, the record, and the relevant law, the court is of the opinion that the Motion is due to be granted. Plaintiff Karen D. Troncalli filed a complaint alleging claims of sex discrimination with regard to job classification, wages, promotions, job assignments, positions, hostile work environment and other terms and conditions of employment. She also asserted a claim of a pattern and practice of sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Complaint, ¶ 29). Defendant, DiGiorno Foods Company, filed a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff's claims of discrimination with regard to job assignments, positions, hostile work environment and other terms and conditions of employment and her claim of a pattern and practice of discrimination on the ground that those claims were not asserted, and are not like or related to the claims asserted, in the discrimination charge plaintiff filed with the Equal Employment Opportunity Commission (the "EEOC") and, therefore, are barred. For the following reasons, defendant's motion to dismiss as to plaintiff's claim of sex discrimination relating to job assignments,

25

positions, hostile work environment and other terms and conditions of employment and her claim of a pattern and practice of sex discrimination is due to be granted. Defendant's Motion to Dismiss plaintiff's claim of sex discrimination with regard to promotions, as such claim relates to her claim that her job was improperly classified, is due to be denied.

## II. CONCLUSIONS OF LAW

It is well-settled that a federal complaint under Title VII is limited to the claims of discrimination that are contained in the plaintiff's EEOC charge or are like or related to the claims raised in the charge and growing out of such allegations during the pendency of the charge before the EEOC. *Mulhall v. Advance Security*, 19 F.3d 586, 589, n.8 (11th Cir. 1994) (sex discrimination claim relating to promotions was barred because it was not like or related to the claims of unequal pay asserted in the plaintiff's EEOC charge); *Coon v. Georgia Pacific Corp.*, 829 F.2d 1563, 1569 (11th Cir. 1987) ("Like or related" rule did not bring female employee's additional claims of discrimination within scope of her Title VII complaint, when the EEOC charge alleged only one act of discrimination); *Oliver v. Russell Corporation*, 874 F. Supp. 367, 371 (M.D.Ala. 1994) (plaintiff's EEOC charge alleging race discrimination regarding transfer, demotion and discipline was not like or related to plaintiff's claims regarding promotions, discharge retention, compensation and other terms and conditions of employment); and *Bivins v. Jeffers Vet Supply*, 873 F. Supp. 1500, 1507 (M.D. Ala. 1994) (plaintiff was barred from raising claims of sex discrimination regarding wages, hiring, job assignments and discipline because they were not like or related to the claim of hostile work environment asserted in her EEOC charge).

In her response to defendant's motion, plaintiff did not argue that her claim of a pattern and practice of sex discrimination is like or related to the claims asserted in her EEOC charge. This charge is not like or related to her EEOC charge and therefore, that claim is barred.

With regard to plaintiff's claims of sex discrimination relating to job assignments, positions, promotions, hostile work environment and other terms and conditions of employment, plaintiff submitted with her Response certain documents which had been provided to the EEOC and which she believes demonstrate that she put the EEOC on notice of her intent to assert those claims. Thus, plaintiff argues that, although these claims were not specifically alleged in her EEOC charge, they would have grown out of her EEOC charge.

However, as defendant argued in its reply memorandum, the materials plaintiff submitted with her EEOC charge merely reemphasized the claims plaintiff specifically alleged in her charge -- that she has been denied a higher job classification and compensation level commensurate with her job responsibilities. Nowhere in the materials plaintiff submitted to the EEOC does plaintiff assert that she has been discriminated against with regard to positions or job assignments. In fact, she specifically claims that she was given substantial job assignments and responsibilities which should have resulted in a higher job classification and compensation level. Moreover, those materials do not support plaintiff's assertion that she raised claims of sex discrimination with regard to other terms and conditions of her employment. Therefore, plaintiff's discrimination claims relating to job assignments, positions, and other unidentified "terms and conditions of employment" asserted in her federal complaint are barred.

Likewise, nowhere in plaintiff's charge, which specifically alleged job classification and wage discrimination, or in the materials she submitted to the EEOC does plaintiff assert that she was sexually harassed or subjected to a hostile work environment. Thus, as a result, plaintiff's hostile environment claim is barred.

Defendant also argues that plaintiff's promotion claim should be dismissed or stricken because it is duplicative of her job classification and wage claims which were asserted in plaintiff's EEOC

3

charge. Plaintiff acknowledges that her promotion claim is related to her claim that defendant discriminated against her on the basis of her gender in refusing to reclassify her job. Because her promotion claim is based on the same set of circumstances as her job classification and wage claims which were asserted in her EEOC charge, that claim is not barred. Defendant's request to dismiss plaintiff's promotion claim because it is duplicative of her job classification and wage claim will be denied. If the case proceeds to trial, the court will discuss with the parties how to handle the duplication of claims with the jury.

At the conclusion of oral argument, the court asked defendant's counsel to send the court a proposed opinion and directed that defendant's counsel send plaintiff's counsel a copy of the proposed opinion. Following receipt of defendant's proposed Memorandum Opinion, plaintiff's counsel wrote the court on September 10, 1998, and stated that it was her understanding that defendant's Motion was to be granted as to plaintiff's claims of hostile work environment, pattern and practice, " but that plaintiff's claims of promotions, job assignments, positions and other terms and conditions of employment would remain as they relate to the plaintiff's claims that her job would be re-clarified and her wage claims." The court is unclear what plaintiff is arguing by this last statement. The claim remaining before the court is whether defendant discriminated against the plaintiff on the basis of her gender in refusing to change her job classification. Any legally recognized damages arising from this claim could be recovered by the plaintiff if she is successful at trial.

An Order in accordance with this Opinion will be entered contemporaneously herewith.

DONE this 29th day of January, 1999.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

4